## THE STATE v. LATIMER, *Appellant.*

### Division Two, June 13, 1893.

1. **Criminal Law:** PRACTICE: IMPROPER REMARKS OF COUNSEL: EXCEPTIONS. Exceptions to improper remarks of counsel in argument in a criminal cause cannot be taken by affidavit after verdict, but objection must be made and exceptions saved at the time.

2. ———: ———: IMPROPER CONDUCT OF JUROR. Where affidavits charging a juror with improper conduct during the progress of the trial are contradicted by counter affidavits, the finding of the trial judge exonerating the juror will not be disturbed in the appellate court.

3. ———: ———: SEDUCTION: GOOD REPUTE OF PROSECUTRIX. The finding of the jury upon the question of the good repute of the prosecutrix in a prosecution for seduction is conclusive, where the evidence is conflicting and the issue fairly submitted, and there is no showing of prejudice or passion.

*Appeal from Texas Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED.

*R. F. Walker*, Attorney General, for the state.

(2) There is nothing in the record to indicate the objectionable remarks of V. M. Hines, who assisted in the prosecution; nor was the attention of the trial court called to the same at the time it is alleged they were made. Defendant will not be permitted to sit by and permit error, if error it be, take chances upon a verdict and be heard to complain after conviction. *State v. Welsor* (decided February 14, 1893,—not yet reported), and cases cited. The judge who tried the cause certifies that there was no cheering or stamping of feet, as charged by defendant, hence that point cannot be considered. The allegation in the motion for new trial is no evidence of the fact. *State v. Bulling*, 105 Mo. 204; *State v. Taylor*, 98 Mo. 240; *State v. McDaniel*, 94 Mo. 301; *State v. Pagels*, 92 Mo. 300; *State v. Hayes*, 81 Mo. 574. Nor was the attention of the court called to the same at the time it is alleged to have occurred. (2) The misconduct of Henry Clayton, one of the jurors, is also charged. From the affidavits filed by the state upon this particular point, it is clearly established that the juror was guilty of no misconduct whatever. If from his conduct the presumption of misconduct had arisen, such presumption was removed by these affidavits. The real question at issue seems to have been, whether the prosecutrix was of previous good character and repute. This question was fairly submitted to the jury, they heard and saw upon the stand the different witnesses who testified upon this point, and in their discretion elected to and did believe beyond a reasonable doubt those of the state. No prejudice or passion being shown, their finding should not be disturbed.

GANTT, P. J.—The defendant was indicted at the May term, 1891, of the Texas county circuit court, for seduction, and was tried and convicted at the November term, 1891. He has filed no brief in this court, but we have examined the record as required by law. The indictment is well drawn and charges the offense with certainty.

The instructions covered every question of law suggested by the facts in evidence, and were as favorable to defendant as he could ask or demand.

We find assigned as a ground for new trial certain remarks of Hon. V. M. Hines, special counsel for the state. No objections were made or saved to these at the time, and they appear for the first time in the several affidavits filed. Exceptions cannot be taken in this way.

The only other specific ground for new trial is the alleged misconduct of one of the jurors. Affidavits were filed charging him with having camped with the family of the prosecuting witness one night during the trial. This was negatived by certain affidavits, which completely exonerated the juror from any misconduct whatever, and the trial judge, who knew the parties, so found, after due investigation.

The real question at issue seems to have been whether the prosecutrix was of previous good character and repute. This question was fairly submitted to the jury. They heard, and saw upon the stand the different witnesses who testified upon this point, and in their discretion elected to and did believe beyond a reasonable doubt those of the state. No prejudice or passion being shown, their finding should not be disturbed. The judgment is affirmed. All concur.